IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SANCTIONS, INC.**,<br>30 Wall St. 8th Floor<br>New York, New York 10005,<br><br>    Plaintiff,<br><br>  v.<br><br>**U.S. DEPARTMENT OF THE TREASURY**,<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Sanctions, Inc. challenges the failure of the Office of Foreign Assets Control ("OFAC"), a component of Defendant U.S. Department of the Treasury ("Treasury"), to respond to a FOIA request for specified interpretive guidance letters issued by OFAC.

2. This case seeks declaratory relief that Treasury is in violation of the FOIA, specifically, 5 U.S.C. § 552(a)(3)(A), for failing to provide Sanctions, Inc. with all responsive records and 5 U.S.C. § 552(a)(6)(A), for failing to provide Sanctions, Inc. with a determination on its request within 20 business days, as well as injunctive relief ordering Treasury to process and release to Sanctions, Inc. immediately the requested records.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4. Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B).

## **PARTIES**

5. Sanctions, Inc. is a corporation incorporated under the laws of Delaware and located at 30 Wall St. 8th Floor, New York, New York 10005. Plaintiff operates an online research system and encyclopedia aimed at facilitating an improved understanding of, and compliance with, economic sanctions laws OFAC administers. Plaintiff's user base consists almost exclusively of American attorneys engaged in the interpretation and application of OFAC-administered sanctions laws.

6. In connection with its mission to provide a comprehensive accounting of published and, to the extent possible, unpublished statements by OFAC concerning the scope and the laws OFAC administers, Plaintiff submits FOIA requests to OFAC and other agencies. In these FOIA requests Plaintiff seeks unpublished "interpretive guidance" letters, typically one to two pages in length, issued by OFAC to persons seeking guidance as to the meaning of OFAC-administered laws as applied to a specific set of facts. Plaintiff has received many such letters over the past few years from OFAC and other agencies.

7. Once Plaintiff receives the requested documents it analyzes the letters, drafts detailed commentaries on them addressing their potential significance for the interpretation of active OFAC-administered legal provisions, and categorizes them according to various sanctions-specific search criteria. While Plaintiff disseminates these letters primarily to a niche audience of American sanctions lawyers, the impact of the letters and their associated commentaries reach a broader swath of the regulated public through legal advice prepared by Plaintiff's subscribers.

8. Defendant U.S. Department of the Treasury, of which OFAC is a component, is an

agency of the United States Government within the meaning of 5 U.S.C. §§ 552(f)(1) and 701(b)(1). Defendant has possession, custody, and control of the records to which Plaintiff seeks access.

## Statutory and Regulatory Background

9. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

11. An agency's failure to make this determination within 20 business days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

12. In "unusual circumstances" an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). The FOIA defines "unusual circumstances" as including the need to search for and collect responsive records from offices other than the office processing the request; the need to search for, collect, and examine a "voluminous amount of separate and distinct records"; and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I)–(III).

## STATEMENT OF FACTS

13. On April 13, 2021, Plaintiff submitted a FOIA request to OFAC for 298 specifically identified "interpretive guidance" letters issued by OFAC. With its request Plaintiff provided a spreadsheet with 10 different categories of information for each requested guidance letter to enable

OFAC to easily locate the requested interpretive guidance letters. Plaintiff also requested a "comfort letter" OFAC had issued to a German bank that was discussed in a June 6, 2018 report prepared by the Majority Staff of the Permanent Subcommittee on Investigations, *Review of U.S. Treasury Department's License to Convert Iranian Assets Using the U.S. Financial System*.

14. Plaintiff also requested that it be treated as a "media" requester for fee purposes. In support of its request Plaintiff explained how it gathers information of interest to a segment of the population, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to a distinct audience.

15. By letter dated April 19, 2017, Defendant acknowledged receiving Plaintiff's April 13, 2021 request (the "Request"), advised that it had determined that Plaintiff was a "media" requester for fee purposes, and noted that Plaintiff could seek dispute resolution services from Treasury's FOIA Public Liaison. Defendant's letter indicated that the Request had been assigned the tracking number "FOIA No. 2021-FOIA-00516."

16. On May 9, 2021, Plaintiff sent a letter to the Treasury FOIA Public Liaison seeking assistance in resolving the processing of the Request as well as a separate FOIA request (FOIA No. 2021-FOIA-00470 that was completed on March 8, 2022).

17. From the date of this letter through January 18, 2023, Plaintiff repeatedly communicated via email and telephone with Defendant in an effort to clarify and potentially narrow the scope of the Request in order to arrive at a reasonable timeline for Treasury to process the Request. Despite these efforts, Defendant at no time offered to produce any of the requested records by any specified or even approximate date.

18. Most recently on January 18, 2023, Plaintiff sent Defendant a request for an "estimated time by which OFAC would *begin* processing the request" (emphasis added).

19. To date, Defendant has not responded to Plaintiff's request for an estimated time by

which OFAC would begin processing the Request. Nor has Defendant (1) produced any of the requested records or demonstrated that the requested records are lawfully exempt from production; (2) notified Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings, or (3) informed Plaintiff that it may appeal any specific, adverse determination.

20. Under 5 U.S.C. § 552(a)(6)(C)(i), Sanctions, Inc. has now effectively exhausted all applicable administrative remedies with respect to its request of Treasury.

## PLAINTIFF'S CLAIM FOR RELIEF

21. Plaintiff realleges paragraphs 1 through 20 as if fully stated herein.

22. Plaintiff properly asked for records within the custody and control of the U.S. Department of the Treasury and its subcomponent the Office of Foreign Assets Control.

23. Treasury has wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making a determination on plaintiff's request, and by withholding from disclosure records responsive to plaintiff's request.

24. Plaintiff Sanctions, Inc. is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its April 13, 2021 FOIA request.

## Requested Relief

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Order defendants to immediately and fully process plaintiff's April 13, 2021 FOIA request and to disclose all non-exempt documents immediately to plaintiff;

(2) Issue a declaration that plaintiff is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award plaintiff its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W., Suite 640
Washington, D.C. 20015
Phone: 301-717-6610
Weismann.anne@gmail.com

Dated: February 1, 2023                   *Attorneys for Plaintiff*