UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SANCTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-0281 (SLS) |
| U.S. DEPARTMENT OF THE TREASURY, | ) ) | |
| Defendant. | ) ) ) | |

## JOINT STATUS REPORT

1.      Plaintiff, Sanctions, Inc., and Defendant, the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"), by and through undersigned counsel, respectfully submit this Status Report. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in which Plaintiff seeks records regarding copies of certain letters sent by OFAC to various entities, as contained in the spreadsheet attached to the FOIA request. Specifically, Plaintiff sought information relating to 295 OFAC case numbers.  Plaintiff filed its Complaint on February 1, 2023.  Defendant filed its answer on March 22, 2023.  The status of Defendant's searches and records processing and a proposed schedule for proceeding is below.

## STATUS OF PLAINTIFF'S FOIA REQUEST

2.      On April 13, 2021, Plaintiff submitted a FOIA request to Treasury that sought "…certain letters sent by OFAC to various entities, as described in further in the attached spreadsheet that has been included to facilitate OFAC's fulfillment of the request."  With the request, the Plaintiff provided a spreadsheet that contained the following information: Case ID, Category, Subcategory, Program, Case Type, Determination, Actual Party, Date Applied, Date Issued, and Notes. The request also sought every interpretive guidance letter associated with the

CASE ID that appears in column A of the spreadsheet.[1]  In addition, Plaintiff also requested the "comfort letter" issued by OFAC to a German bank, which is discussed at p 43 of the Review of U.S. Treasury Department's License to Convert Iranian Assets Using the U.S. Financial System, June 6, 2018 (Report Prepared by the Majority Staff of the Permanent Subcommittee on Investigations)."   The request was assigned the reference number 2021-FOIA-00516 and was assigned to OFAC for processing on April 14, 2021.

3.       On September 3, 2024, Plaintiff submitted questions regarding OFAC's reporting in the previous August 19, 2024, JSR. OFAC provided an updated page count in the December 16, 2024 JSR. OFAC reports that it has completed anexhaustive seach for the last remaining interpretive guidance letter "FAC No. 112648" and is not able to loacate the requested record.  As of the date of this JSR, OFAC has completed its search.

4.       As of this JSR, the Defendant has identified approximately 679 pages of potentially responsive records.  All the records require processing through either the Treasury submitter notice process, found at 31 C.F.R. §1.5 or the consultation process found at 31 C.F.R. §1.3(d).  As of the 21st interim release, OFAC has processed **679 pages.**

5.       The consultation process is required for information that originated in another Federal agency. OFAC must obtain the other Federal agencies' release determination related to its equites before processing to the requester. See 31 C.F.R. § 1.3(d). This process adds additional time to the processing of the case. The submitter notice process is required for information that could be protected by FOIA Exemption (b)(4).  The submitter must be given the right to review the documents and provide objections to disclosure, after which OFAC issues a determination notice with its determination whether (b)(4) applies.  The submitter is then given a reasonable time

---

[1] The entities identified in the spreadsheet are based upon the listing provided by OFAC in response to Plaintiff's FOIA request 2021-FOIA-00300, except for "FAC No. 112648" which the Plaintiff added.

period (generally at least 10 days) to respond to the determination notice with additional arguments

for withholding, agree with OFAC's assessment, or file a Reverse FOIA lawsuit. *See* 31 C.F.R.

§ 1.5.  Each submitter notice could take up to 30 days to complete. As of this report, OFAC has

identified approximately 288 submitters/federal agencies in the potentially responsive documents.

OFAC has started the submitter notice process and will continue working through the process. As

of the 21st interim release, OFAC has initiated the submitter notices and consultations to all 288

potentially responsive submitters/federal agencies.   OFAC is continuing to send out initial

submitter notices and consultation requests and plans to issue determination notices upon receipt

of the submitter responses.

## THE ANTICIPATED DATE(S) FOR RELEASE
## OF THE DOCUMENTS REQUESTED BY PLAINTIFF

Defendant has made 22 interim releases to Plaintiff.  As of the 22nd interim, OFAC has

processed 679 pages.

   a) First interim, OFAC processed 242 pages. Of these, 26 pages were released in part; 14 pages were released in full; 69 pages were non-responsive; 28 pages[2] were pending completion of the consultation process with government agencies; 105 pages were pending completion of the submitter notice process.

   b) Second interim, OFAC processed 182 pages. Of these, seven pages were released in part; six pages were released in full; two pages were pending completion of the consultation process with government agencies; 167 pages were pending completion of the submitter notice process. OFAC processed 13 pages in supplement to the previous interim. Of these, seven pages were released in part; five pages were released in full; and one pages was found non-responsive.

   c) Third interim, OFAC processed 37 pages. Of these, two pages were released in part; one page was released in full; 34 pages were pending completion of the submitter notice process. OFAC processed 20 pages in supplement to previous interim(s). Of these, ten pages were released in part; ten pages were released in full.

---

[2] OFAC identified a page count discrepancy in relation to the 1st Interim release. A total of 28 pages were sent for consultation to other government agencies. Corrected filler pages were provided to Plaintiff in the 2nd Interim release.

d) Fourth interim, OFAC processed 55 pages. Of these, one page was pending completion of the consultation process with government agencies; 54 pages were pending completion of the submitter notice process. OFAC processed seven pages in supplement to previous interim(s). Of these, two pages were released in part; five pages were released in full.

e) Fifth interim, OFAC processed 30 unique pages[3]. Of these, five pages were pending completion of the consultation process; 25 pages were pending completion of the submitter notice process. OFAC processed eight pages in supplement to previous interim(s). Of these, four pages were released in part; four pages were released in full.

f) Sixth interim, OFAC processed eight pages. Of these, one page was released in part; seven pages were pending completion of the submitter notice process. OFAC processed 24 pages in supplement to previous interim(s). Of these, ten pages were released in part; 12 pages were released in full; two pages were pending completion of additional submitter notice process.

g) Seventh interim, OFAC processed 16 pages. Of these, two pages were released in part; two pages were released in full; 12 pages were pending completion of the submitter notice process. OFAC processed 27 pages in supplement to previous interim(s). Of these, 14 pages were released in part; 11 pages were released in full; two pages were pending the completion of additional submitter notice process.

h) Eighth interim, OFAC processed 21 pages. Of these, one page was released in part; one page was released in full; seven pages were pending completion of the consultation process with government agencies; 12 pages were pending completion of the submitter notice process. OFAC processed four pages in supplement to previous interim(s). Of these, one page was released in part; one page was released in full; two pages were pending the completion of additional submitter notice process.

i) Ninth interim, OFAC processed seven pages. Of these, five pages were pending completion of the consultation process with government agencies; two pages were pending completion of the submitter notice process. OFAC processed 22 pages in supplement to previous interim(s). Of these, 11 pages were released in part; 11 pages were released in full.

j) Tenth interim, OFAC processed nine pages in supplement to previous interim(s). Of these, three pages were released in part; six pages were released in full.

---

[3] OFAC identified a page count discrepancy in relation to the 5th Interim release. A total of 2 pages were duplicative of pages previously released in the 1st Interim. Bates No. 000471-000472 were previously released in the 1st Interim under Bates No. 000028 – 000029.

k)  Eleventh interim, OFAC processed nine pages. All nine pages were pending completion of the submitter notice process. OFAC processed eight pages in supplement to previous interim(s). Of these, two pages were released in part; six pages were released in full.

l)  12th interim, OFAC processed four pages. All four pages were pending completion of the submitter notice process. OFAC processed 17 pages in supplement to previous interim(s). Of these, nine pages were released in part; eight pages were released in full.

m)  13th interim, OFAC processed three pages. All three pages were pending completion of the submitter notice process. OFAC processed 13 pages in supplement to previous interim(s). Of these, six pages were released in part; seven pages were released in full.

n)  14th interim, OFAC processed one page. The one page was released in part. OFAC processed 11 pages in supplement to previous interim(s). Of these, five pages were released in part; six pages were released in full.

o)  15th interim, OFAC processed four pages. Of these, three pages were released in part; one page was released in full. OFAC processed ten pages in supplement to previous interim(s). Of these, four pages were withheld in full; six pages were released in part.

p)  16th interim, OFAC processed two pages. All two pages were pending completion of the submitter notice process. OFAC processed ten pages in supplement to previous interim(s). Of these, five pages were released in part ; and five pages were released in full.[4]

q)  17th interim, OFAC processed 13 pages. All 13 pages were pending completion of the submitter notice process. OFAC processed ten pages in supplement to previous interim(s). Of these, seven pages were released in part; and three pages were release in full.[5]

r)  18th interim, OFAC processed 26 pages. Of these, 24 pages were pending completion of the submitter notice process; and two pages were found to be non-responsive. OFAC processed 13 pages in supplement to previous interim(s). Of these, six pages were released in part; one page was released in full; and six pages were found to be non-responsive.

s)  19th interim, OFAC processed 17 pages. All 17 pages were pending completion of the submitter notice process. OFAC processed four pages in supplement to

---

[4] Correction from previous JSR which indicated five pages were withheld in full; five pages were released in part.

[5] Correction from previous JSR which indicated three pages were withheld in full; seven pages were released in part.

previous interim(s). Of these, two pages were released in full; two pages were released in part.

t)  20th interim, OFAC processed two pages. Both pages were pending completion of the submitter notice process. OFAC processed nine pages in supplement to previous interim(s). Of these, six pages were released in part; three pages were released in full.

u)  21st interim, OFAC processed eight pages in supplement to previous interim(s). Of these, eight pages were released in part.

v)  22nd interim, OFAC processed seven pages in supplement to previous interim(s). Of these, five pages were released in part; two pages were released in full.

Defendant reports, as of the filing of this JSR, 266 pages are pending completion of the submitter notice process. The submitter/consultation process has been initiated for all pages.

6.  Defendant will continue this process until all records have been processed through the Treasury submitter notice/consultation process. Defendant will continue to make interim releases at the end of each month until all documents have been processed.

## RESPONSE TO COURT ORDER

7.  On February 15, 2025, this Court ordered that Defendant address the following issues in its next Joint Status Report: (1) whether the Defendant anticipates having to initiate the submitter notice process or the consultation process for any additional documents, (2) the number of documents currently in the submitter notice process, (3) the number of documents currently in the consultation process, (4) when the Parties expect completion of the submitter notice process, and (5) when the Parties expect completion of the consultation process. In response to this Court's Order, Defendant reports the following

8.  In response to question (1), OFAC reports that it has initiated the submitter notice and consultation process for all documents responsive to Plaintiff's request, and OFAC does not anticipate that there are any additional documents requiring either of these processes.

9.      In response to questions (2) and (4), OFAC reports that it is engaged in the submitter notice process with approximately 124 different respective submitters for 130 records totaling 266 pages.  The total number of submitters, rather than the total page volume subject to the process, is the aspect that adds time to the process.  Barring any unusual circumstances, OFAC anticipates the submitter notice process with the remaining approximately 127 different submitters to be completed by November 30, 2025.

10.     In response to questions (3) and (5), OFAC reports that it has one record, totalling one page, that is pending in the consultation process with one agency.  OFAC further reports that ten documents (totalling ninteen pages) have completed the consultation process and that barring any unusual circumstances, OFAC anticipates these pages to be processed by March 31, 2025. Regarding the two records totaling three pages still pending completion of the consultation process, OFAC is regularly sending requests for updates to the agency with whom we are consulting.

**PROPOSED NEXT JOINT STATUS REPORT**

11.     The parties respectfully propose that they submit a Joint Status Report on or around April 17, 2025, to apprise the Court of the progress on the releases to Plaintiff.

*    *    *

Dated: March 21, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR.,
D.C. Bar # 481866
United States Attorney


By:            /s/ *Stephen M. DeGenaro*
      STEPHEN M. DEGENARO
      D.C. Bar #146117
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-7229
      Stephen.Degenaro@usdoj.gov

*Attorneys for the United States of America*

*/s/ Anne L. Weismann*
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, N.W., Suite 640
Washington, D.C. 20015
Phone: 301-717-6610
Weismann.anne@gmail.com

*Attorney for Plaintiff*